**UNITED STATES of America**

**v.**

**Nicholas OTEY, Defendant.**

**CR. No. 07–10004–EFH.**

United States District Court,
D. Massachusetts.

March 10, 2008.

Theodore B. Heinrich, United States Attorney's Office, Boston, MA, for United States of America.

### MEMORANDUM

HARRINGTON, Senior District Judge.

The defendant, Nicholas Otey, pled guilty to a three-count indictment charging him with distribution of cocaine base (widely known as "crack"), a violation of 21 U.S.C. § 841. Probation assigned him a criminal history category of III and determined his base offense level under the Guidelines Manual effective November 1, 2007, to be 24 because he had distributed a total of 5 grams of cocaine base. He received a three-level reduction for acceptance of responsibility. The resulting

Guidelines range was 46–57 months' imprisonment. The United States and Probation both recommended a term of imprisonment of 46 months, the low end of the applicable sentencing range.

Otey argues that a sentence of 24 months' imprisonment would be appropriate because of the disparate treatment cocaine base and powder cocaine receive under the Guidelines.[1] Otey acknowledges that the Sentencing Commission, as a partial remedy to the widely criticized 100:1 disparity between cocaine base and cocaine powder, applied an across-the-board reduction of two offense levels for cocaine base. Otey contends, however, that problems remain because the ratio between the threshold amount of cocaine base required to meet a given base offense level and the threshold of powder cocaine required for that base offense level varies from offense level to offense level. For example, a minimum of 400 grams of powder cocaine and a minimum of 5 grams of crack cocaine are required for base offense level 24, a cocaine base-to-powder cocaine ratio of 80:1. For base offense level 26, by contrast, the respective thresholds are 500 grams for cocaine base and 20 grams for powder cocaine, a ratio of 25:1. The ratios reflected in the various base offense levels range from 25:1 to 80:1, and do not vary in a linear fashion (that is, the ratios go both up and down as the base offense levels increase). Otey suggests that the inconsistencies between these ratios is problematic and that the lowest ratio present in the base offense levels, 25:1, should be applied across the board for every offense level. Otey argued at his sentencing hearing that it would be inappropriate, for example, for him to be punished eighty times more for possession of cocaine base than powder cocaine, while another defendant is punished only twenty-five times as much.[2]

■ The principal difficulty with Otey's argument is that he would not actually be *punished* eighty times as much. The differing ratios about which Otey complains do not express disparities in punishment; they reflect differences in figures that help determine the applicable sentencing range. From the Court's perspective, in assessing the reasonableness of a sentence in light of the cocaine basepowder cocaine disparity, it is the differences in the possible *sentences* that are of interest, not the figures and calculations underlying those sentences. In this case, if Otey had distributed five grams of powder cocaine rather than five grams of cocaine base, his base offense level would have been 12, with only a two-level decrease for acceptance of responsibility (because of U.S.S.G. § 3E1.1, which provides for two-level decreases for base offense levels below 16), resulting in an applicable Guidelines range of 10–16 months' imprisonment. In other words, for Otey, the ratio between the sentence he would receive for 5 grams of cocaine base and the sentence he would receive for the same amount of powder cocaine would be 4.6:1.

■ Having considered the parties' arguments, the Court imposed a sentence of 30 months' imprisonment, which would be consistent with a ratio of 3:1.[3] In so doing,

---

1. Otey also urges the Court to consider factors such as his troubled family history.

2. If a 25:1 ratio were used in Otey's case, with powder cocaine thresholds for the various base offense levels remaining constant, Otey would fall under the base offense level appertaining to 125 grams of powder cocaine (five grams of cocaine base multiplied by 25): base offense level 18 (to which a three-level decrease for acceptance of responsibility would be applied).

3. The Court stresses that it is not enunciating any generalized conclusions about the appropriate ratio between sentences for cocaine

the Court reduced the 4.6:1 disparity between sentences for cocaine base and cocaine powder (which, though reduced by the Sentencing Commission, still remains high). In varying the sentence from 46 months to 30 months, the Court also considered the fact that Otey's distribution of 5 grams places him at the very threshold of base offense level 24, the fact that Otey's criminal record falls short of the seriousness normally associated with a Criminal History Category III, and Otey's youth and troubled family history. A sentence of 30 months' imprisonment is, in the Court's judgment, reasonable and consistent with the factors listed in 18 U.S.C. § 3553(a).

base and sentences for powder cocaine. The 3:1 ratio reflects instead the Court's assessment of what is warranted in this particular case to achieve a just sentence.